

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 18, 1962

Mr. Charles L. Morris
Executive Director
Veterans Affairs Commission
Austin, Texas

Opinion No. WW-1453

Re: Whether certain State employees
will be eligible to be restored
to state employment under Arti-
cle 6252-4, Vernon's Civil Stat-
utes, under stated facts.

Dear Mr. Morris:

From your letter requesting an opinion from this of-
fice, we quote as follows:

"We desire the opinion of your office concern-
ing re-employment rights for State employees after
serving with the Armed Forces, as enacted in Arti-
cle 6252-4, Vernon's Civil Statutes.

"This office has had inquiries from State agen-
cies concerning State employees who were called into
active duty with the 49th Armored Division in 1961,
and were to have been released with other members of
the 49th Division in August, 1962. Certain State
employees have requested, and have been ordered to
another year of active duty.

"Your opinion is requested as to whether these
certain State employees will be eligible for restora-
tion of State employment after being released from
this subsequent period of service.

"Your opinion is necessary due to the fact that
State agencies need a clarification of this Statute,
concerning re-employment of State employees when
they are eventually released from the Armed Forces,
so that employment of personnel and other personnel
practices can be planned in accordance with your
construction of this Statute."

In 1961, with the nation concerned with the crisis over Berlin, the President declared that there existed a state of national emergency, and requested Congress to grant him the power to order to active federal duty certain units and members of the 'Ready Reserve.'

Congress responded to the President's request by passing a Joint Resolution which authorized the President to order units and members in the Ready Reserve to active federal military duty for a period of not more than twelve months.  Also, this Resolution provided that the President, prior to the expiration of the initial period, could authorize the Secretary of Defense to extend the military status of such units and members for an additional twelve month period.

This Joint Resolution of Congress reads as follows:

"ARMED FORCES-READY RESERVE
PUBLIC LAW 87-117; 75 STAT. 242

(S.J. Res. 120)

"Joint Resolution to authorize the President
to order units and members in the Ready Reserve
to active duty for not more than twelve months,
and for other purposes.

"Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That:

"Notwithstanding any other provision of law, until July 1, 1962, the President may, without the consent of the persons concerned, order any unit, and any member not assigned to a unit organized to serve as a unit, in the Ready Reserve of an armed force to active duty for not more than twelve consecutive months.  However, not more than two hundred and fifty thousand members of the Ready Reserve may be on active duty (other than for training), without their consent, under this section at any one time.

"Sec. 2.  Notwithstanding any other provision of law, until July 1, 1962, the President may authorize the Secretary of Defense to extend enlistments, appointments, periods of active duty, periods of active duty for training, periods of obligated service, or other military status, in

any component of an armed force or in the Na-
tional Guard that expire before July 1, 1962,
for not more than twelve months.

"Approved August 1, 1961."

Pursuant to this Resolution and pre-existing statutory
authorization, the President issued the following executive or-
ders:

"EXECUTIVE ORDERS

NO. 10957

August 15, 1961, 26 F.R. 7541

"ASSIGNING AUTHORITY WITH RESPECT TO ORDERING
PERSONS AND UNITS IN THE READY RESERVE TO
ACTIVE DUTY AND WITH RESPECT TO THE EXTENTION
OF ENLISTMENTS AND OTHER PERIODS OF SERVICE IN
THE ARMED FORCES

"By virtue of the authority vested in me by
the Joint Resolution of August 1, 1961 (P.L. 87-
117), and by section 301 of title 3 of the United
States Code and as President of the United States,
it is hereby ordered as follows:

"Section 1.  The Secretary of Defense, and,
when designated by him for the purpose, any of
the Secretaries of the military departments of the
Department of Defense, are hereby authorized and
empowered to exercise the authority vested in the
President until July 1, 1962, by section 1 of the
Act of August 1, 1961 (Public Law 87-117) to order
without the consent of the persons concerned, any
unit, and any member not assigned to a unit organ-
ized to serve as a unit, in the Ready Reserve of
an armed force to active duty for not more than 12
consecutive months, provided there are not more
than 250,000 members of the Ready Reserve thereby
on active duty (other than for training) without
their consent at any one time.  However, the Sec-
retary of Defense may not order any unit in the
Ready Reserve of an armed force to active duty,
other than active duty for training under this sec-
tion without the approval of the President.

"Section 2.  In pursuance of the provisions
of section 2 of the said Joint Resolution of August

1, 1961, the Secretary of Defense is hereby au-
thorized to extend enlistments, appointments,
periods of active duty, periods of active duty
for training, periods of obligated service, or
other military status, in any component of an
armed force or in the National Guard that ex-
pire before July 1, 1962, for not more than
twelve months.

JOHN F. KENNEDY

THE WHITE HOUSE,
    August 10, 1961"

        In accordance with these executive orders, the Secre-
tary of Defense in the fall of 1961, ordered the 49th Armored
Division to active federal duty.

        Section 1 of Article 6252-4 reads as follows:

        "Sec. 1.   Any employee of the State of
Texas, other than a temporary employee, an
elected official or one serving under an appoint-
ment which requires confirmation by the Senate,
who leaves his position in time of war or during
the national emergency and enters the military,
air or naval forces of the United States or other
active Federal military duty or service by reason
of induction into the armed forces of the United
States or in compliance with orders to active
Federal military duty, or enters service as a
member of the Texas National Guard or Texas State
Guard or as a member of any of the reserve compo-
nents of the Armed Forces of the United States
shall, if discharged, separated or released from
such active military service under honorable con-
ditions, be restored to employment in the same
department, office, commission, board or other
agency of the State constituting employment by
the State of Texas, and to the same position
held at the time of induction or order to active
Federal or State military duty or service, or to
a position of like seniority, status and pay if
still physically and mentally qualified to per-
form the duties of such position."

        There are no provisions in this Section which limit or
otherwise specify the period of time a State employee is author-
ized to serve on active federal duty in order to be entitled
upon honorable release to restoration of State employment.   It

is our opinion that once a State employee, in time of national emergency, complies with an order to active federal military duty, the period of service is immaterial to the right of restoration of State employment. We are of the opinion that such right vests at the time such individual is discharged, separated or released from active federal service under honorable conditions.

On the basis of the clear and unambiguous language of this Section, you are advised that those State employees, other than a temporary employee, an elected official, or one serving under an appointment which requires confirmation by the Senate, who leave their positions in time of national emergency in compliance with an order to active federal service in the Armed Forces of the United States, are entitled, upon release under honorable conditions from active duty, to restoration of State employment in the same position held at the time of the order to active federal duty, or to a position of like seniority, status and pay if still physically and mentally qualified to perform the duties of such positions.

## SUMMARY

Certain State employees are entitled to restoration of State employment, upon release from active federal military duty.

Sincerely yours,

WILL WILSON
Attorney General of Texas

By I. Raymond Williams, Jr.
Assistant

IRW:mkh:wb

APPROVED:
OPINION COMMITTEE

Howard Mays, Chairman
Marvin Thomas
Arthur Sandlin
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore